# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Pilchesky,                        :
                    Appellant            :
                                         :
            v.                           :   No. 1231 C.D. 2021
                                         :   Submitted: May 6, 2022
Office of Adult Probation of             :
Lackawanna County                        :
and Lackawanna County                    :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                              FILED: July 21, 2022


Joseph Pilchesky (Pilchesky) appeals an order of the Court of Common Pleas of Lackawanna County (trial court) that sustained the preliminary objections (POs) of the Office of Adult Probation of Lackawanna County and Lackawanna County (collectively, Lackawanna County) and dismissed Pilchesky's First Amended Complaint (Complaint). Discerning no error, we affirm.

In 2018, a jury convicted Pilchesky of three counts of unauthorized practice of law, 42 Pa. C.S. § 2524(a). Reproduced Record (R.R.) at 58. Subsequently, in 2019, the trial court sentenced Pilchesky to two years of supervised probation. *Id*. The trial court included in its sentence a provision that Pilchesky pay court costs.

*Id*. at 58-59. Included in the court costs, Lackawanna County assessed two fees of $780.00 (a total of $1,560.00) for Offender Supervision Program costs (OSP costs). *See* R.R. at 29 ("OSP (Lackawanna/State) (Act 35 of 1991)").

In January 2021, Pilchesky filed an Action in Declaratory Judgment asserting that under the Crime Victim's Act (Act),[1] OSP costs do not apply to his specific convictions of unauthorized practice of law because the Act does not enumerate that offense in its definition of "crime." R.R. at 2-5. Pilchesky argued that Lackawanna County acted beyond the scope of its statutory authority when it assessed OSP costs against him. R.R. at 5. Lackawanna County filed POs in the nature of a demurrer.[2] R.R. at 9-12.

In response, on February 4, 2021, Pilchesky filed his Complaint raising the same claims, but modified from an action for declaratory judgment to an ultra vires action. R.R. at 22. On February 16, 2021, Lackawanna County again filed the same POs in the nature of a demurrer asserting, *inter alia*, that Pilchesky's Complaint was legally insufficient and that he failed to assert any cognizable claim. R.R. at 31-35.

On September 30, 2021, the trial court issued an opinion and order sustaining Lackawanna County's POs in the nature of a demurrer and dismissing Pilchesky's

---

[1] Act of November 24, 1998, P.L. 882, *as amended*, 18 P.S. §§ 11.101 – 11.5102. Pilchesky refers throughout his brief to Act 35 of 1991, Act of August 14, 1991, P.L. 331, No. 35, § 4, 71 P.S. § 180-7.20 (repealed). While the General Assembly passed Act 35 of 1991, which put OSP costs into effect, the Crime Victim's Act (Act) repealed Act 35 of 1991. Therefore, we will refer to the Act.

[2] In addition to asserting that Pilchesky's Complaint was legally insufficient under Pa.R.Civ.P. 1028(a)(4), Lackawanna County also preliminarily objected under Pa.R.Civ.P. 1028(a)(5), non-joinder of a necessary party, and Pa.R.Civ.P. 1028(a)(6), pendency of a prior action.

Complaint.[3]  R.R. at 71.  The trial court acknowledged that a conviction for unauthorized practice of law is not enumerated in the definition of "crime" under the Act.  R.R. at 63.  However, the trial court pointed out that Section 1102, which mandates the imposition of OSP costs, uses the term "offender," not "crime."  R.R. at 63-64.  The trial court determined that Pilchesky is an offender and that OSP costs were properly assessed against him.  R.R. at 66.  The trial court noted that to rule otherwise would create "an absurd result if there was an exception in the [law] for the crime of unauthorized practice of law such that those convicted of that crime do not have to pay the costs of supervised probation while other offenders do."  R.R. at 66.

Pilchesky filed a notice of appeal to this Court.  On appeal, Pilchesky asserts that the trial court "erred at law and abused its discretion when it ruled that [OSP costs] applied to Pilchesky's circumstances." Pilchesky's Br. at 29.  Pilchesky argues that the Act does not authorize the assessment of OSP costs for a violation of unauthorized practice of law.  Specifically, Pilchesky asserts that the OSP costs that he paid should be returned because the Act provided Lackawanna County with "no authority to have assessed those two amounts against Pilchesky[.]"  Pilchesky's Br. at 14.  Pilchesky argues that the Act defines the term "crime" and that in doing so, the legislature intended only those crimes enumerated to be subject to the intent and purpose of the Act.  Pilchesky's Br. at 15.

Our scope of review of an appeal from an order sustaining POs and dismissing a complaint is limited to determining whether the trial court abused its discretion or committed legal error.  *Kittrell v. Watson*, 88 A.3d 1091, 1095 (Pa. Cmwlth. 2014).

---

[3] As the trial court sustained Lackawanna County's POs in the nature of a demurrer, it did not make a determination as to the merits of Lackawanna County's additional POs filed pursuant to Pa. R.Civ.P. 1028(a)(5) and 1028(a)(6).  Trial Court Order ¶ 3.

3

Where pleadings are clearly insufficient to establish any right to relief, POs in the nature of a demurrer should be sustained. *Boyd v. Rockwood Area Sch. Dist.*, 907 A.2d 1157, 1163 n. 8 (Pa. Cmwlth. 2006).

The Act includes a subsection in Chapter 1's preliminary provisions, entitled "Definitions," at 18 P.S. § 11.103. Pursuant to the "Definitions" section of the Act, words and phrases "when used in [the] [A]ct shall have the meanings given to them in this section unless the context clearly indicates otherwise[.]" 18 P.S. § 11.103. Pilchesky focuses his argument on the definition of "crime" in the Act. The legislature defined "crime" in this section as:

> An act which was committed:
>
> (1) [i]n this Commonwealth by a person, including a juvenile, without regard to legal exemption or defense which would constitute a crime under the following:
>
> > (i) The act of April 14, 1972 (P.L. 233, No.64), known as The Controlled Substance, Drug, Device and Cosmetic Act.
> >
> > (ii) 18 Pa.C.S. (relating to crimes and offenses).
> >
> > 30 Pa.C.S. § 5502 (relating to operating watercraft under influence of alcohol or controlled substance).
> >
> > 30 Pa.C.S. § 5502.1 (relating to homicide by watercraft while operating under influence).
> >
> > The former 75 Pa.C.S. § 3731 (relating to driving under influence of alcohol or controlled substance).
> >
> > 75 Pa.C.S. § 3732 (relating to homicide by vehicle).
> >
> > 75 Pa.C.S. § 3735 (relating to homicide by vehicle while driving under influence).
> >
> > 75 Pa.C.S. § 3735.1 (relating to aggravated assault by vehicle while driving under the influence).

75 Pa.C.S. § 3742 (relating to accidents involving death or personal injury).

75 Pa.C.S. Ch. 38 (relating to driving after imbibing alcohol or utilizing drugs).

(iii) The laws of the United States.

(2) Against a resident of this Commonwealth which would be a crime under paragraph (1) but for its occurrence in a location other than this Commonwealth.

(3) Against a resident of this Commonwealth which is an act of international terrorism.

18 P.S. § 11.103. It is true, as Pilchesky argues, that the legislature did not specifically enumerate unauthorized practice of law in its definition of "crime." However, in making his argument, Pilchesky overlooks the express language of Section 1102.

Chapter 11 of the Act, entitled "Financial Matters," addresses costs. Pursuant to Section 1102, entitled "Costs for offender supervision programs[,]" the "court shall impose as a condition of supervision a monthly supervision fee of at least $25 on **any offender placed on probation** . . . unless the court finds that the fee should be reduced, waived or deferred based on the offender's present inability to pay." 18 P.S. § 11.1102(c) (emphasis added). The operative language in Section 1102 authorizes the courts to "impose[,] as a condition of supervision[,] a monthly supervision fee . . . on any offender placed on probation, parole, [or] accelerated rehabilitative disposition." *Sherwood v. Pa. Dep't of Corr.*, 268 A.3d 528, 544-45 (Pa. Cmwlth. 2021). The statute mandates the imposition of OSP costs on offenders subject to supervision. *Id.* Therefore, as the trial court properly noted, a

determination as to the statutory definition of the term "offender" is essential to the resolution of this dispute.

When interpreting a statute, we are guided by the Statutory Construction Act of 1972, 1 Pa. C.S. §§ 1501 – 1991. We must ascertain and effectuate the intent of the legislature. *Johnson v. Phelan Hallinan & Schmieg, LLP*, 235 A.3d 1092, 1097 (Pa. 2020). Generally, we can infer legislative intent from the plain language of the statute. *Id.* Where language in a statute is clear, words and phrases contained in the statute must be construed in accordance with their common and accepted usage. 1 Pa. C.S. § 1903(a). We give effect to the meaning of each distinct word as chosen by the legislature. *Commonwealth v. Fedorek*, 946 A.2d 93 (Pa. Super. 2008). When interpreting a statutory phrase, we first look for the meaning of a word or term in that statute's definitions, then in a law dictionary, and finally, in a standard dictionary, in that order. *Cogan House Twp. v. Lenhart*, 197 A.3d 1264 (Pa. Cmwlth. 2018).

The legislature did not define the term "offender" in the Act. As such, we consider the common and accepted usage of the word. Black's Law Dictionary defines the term "offender" as "[s]omeone who has committed a crime; [especially], one who has been convicted of a crime." BLACK'S LAW DICTIONARY 1299 (11th ed. 2019). Moreover, as the trial court pointed out, the Crimes Code defines "offender" as "[a]ny person who has been found guilty of any crime." 18 Pa. C.S. § 1106(h). In construing this language and giving it effect, "we should not interpret statutory words in isolation, but must read them with reference to the context in which they appear." *Roethlein v. Portnoff Law Assocs., Ltd.*, 81 A.3d 816, 822 (Pa. 2013) (citing *Mishoe v. Erie Ins. Co.*, 824 A.2d 1153, 1155 (Pa. 2003)). Additionally, we read every portion of the Act and construe it with reference to the

6

Act as a whole. *Commonwealth v. Office of Open Records*, 103 A.3d 1276, 1285 (Pa. 2014).

The words "crime" and "offenders" maintain two distinct definitions and thus are not interchangeable terms. In Section 1102, the legislature does not indicate that it is individuals convicted of a"crime" who are required to pay the mandatory OSP costs, but "offenders." Notably, in the preceding section, entitled "Costs," 18 P.S. §11.1101, the legislature specified that the section applied to "[a] person who pleads guilty or nolo contendere or who is convicted of a crime[.]" Rather than utilize the same language it did in the preceding section, Section 1102 uses the phrase "any offender." If the legislature intended that the OSP costs provision apply only to individuals convicted of the enumerated crimes in its definition, it would have specified that in Section 1102 as it did in the preceding section.

Additionally, in ascertaining and effectuating the intent of the legislature, we consider, among other things, the occasion and necessity for a statute, as well as the object to be attained. 1 Pa. C.S. § 1921(c)(1), (4). The purpose of OSP costs is to create funds that cover the operational expenses, salaries, and employee benefits of all county probation and parole personnel and to supplement the federal and state funds appropriated for the improvement of adult probation services. 18 P.S. § 11.1102(a)-(b). As a condition of supervision, any offender placed on probation, parole, accelerated rehabilitative disposition, probation without verdict or intermediate punishment is required to pay a monthly supervision fee that contributes to those funds. 18 P.S. 11.1102(c)-(d). The necessity of the statute and the object to be attained are to supplement the county and state funds for adult supervision using OSP costs. In this context, we conclude that the General Assembly did not intend that only individuals convicted of an enumerated "crime"

be required to pay OSP costs, but that all offenders on supervision be required to contribute to the program funds.

Finally, we note that in enacting a statute, the General Assembly does not intend "a result that is absurd, impossible of execution or unreasonable." 1 Pa. C.S. § 1922. If the Act was interpreted in the manner argued by Pilchesky, an individual placed on supervision for any offense not enumerated under the Act's definition of "crime" would not be required to pay for supervision services despite utilizing those services. As the trial court correctly notes, this would lead to an absurd result and no reading of the Act leads this Court to conclude that the General Assembly intended such a result.

It is undisputed that Pilchesky was convicted of three counts of unauthorized practice of law. Pilchesky is an offender and Lackawanna County lawfully assessed OSP costs against him. Pilchesky's Complaint fails to state a claim upon which relief can be granted. Therefore, the trial court did not err as a matter of law or abuse its discretion when it sustained Lackawanna County's POs in the nature of a demurrer and dismissed Pilchesky's Complaint with prejudice.

Accordingly, the well-reasoned decision of the trial court is affirmed.

_____
STACY WALLACE, Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Pilchesky,                               :
                          Appellant             :
                                                :
              v.                                :      No. 1231 C.D. 2021
                                                :
Office of Adult Probation of                    :
Lackawanna County                               :
and Lackawanna County                           :

# **O R D E R**

     **AND NOW**, this 21st day of July, 2022, the order of the Lackawanna County Court of Common Pleas dated September 30, 2021, is **AFFIRMED**.

 

                                         _____

                                         STACY WALLACE, Judge